UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BUCK A. FRALY,

        Plaintiff,                    Case No. 21-12475
                                           Stephanie Dawkins Davis
v.                                        United States District Judge

JOHN DOE, *et al.*,

        Defendants.
_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL

Plaintiff Buck A. Fraly has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. He also file a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915, which the Court granted. (ECF No. 5). Because he is proceeding *in forma pauperis*, the Court is authorized to screen the case and dismiss the case in its entirety or in part at any time if it determines that the action is: (i) frivolous or malicious or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff fails to state a claim upon which relief may be granted with respect to Defendants John Doe Traverse City police officers, CPS Employees, and Attorney General Dana Nessel and they will be dismissed.

## I. Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II.  The Complaint

Plaintiff's complaint raises claims concerning his medical treatment and the fact of his incarceration.  First, Plaintiff alleges that, from December 2019 through 2021, while incarcerated in a Michigan Department of Corrections facility located in Jackson, medical staff ignored his heart problems and failed to provide a proper CPAP machine.  He alleges that this led to pulmonary and cardiovascular problems.  It appears that Plaintiff names a single defendant as to this Eighth Amendment claim, a John Doe Nurse.

Second, Plaintiff alleges that defendant Attorney General Dana Nessel allowed Traverse City police officers to falsely charge him with criminal sexual conduct (the crime for which he is currently incarcerated).  He also names "CPS employees" as defendants in connection with this claim.  Plaintiff's reason for naming CPS employees as defendants is not entirely clear but appears to be based on a claim that they were not subpoenaed prior to entry of his coerced guilty plea.

## III.  Discussion

Plaintiff's claims against defendants Nessel, CPS employees, and John Doe Traverse City police officers are barred by the favorable-termination requirement set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, a state prisoner may not file a § 1983 suit for damages or equitable relief challenging his conviction or sentence if a ruling on the claim would render the conviction or

sentence invalid, unless and until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 487; *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Plaintiff remains confined by the Michigan Department of Corrections as a result of his conviction for criminal sexual conduct and offers no evidence suggesting that his conviction has been overturned or called into question. *See* https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=461481 (last accessed 4/20/22).

If successful, Plaintiff's claims that he was falsely charged with criminal sexual conduct would imply the invalidity of his criminal conviction. His claims against defendants Nessel, CPS employees, and John Doe Traverse City police officers are therefore barred by *Heck* and will be dismissed on that basis. *See Heck*, 512 U.S. at 484 (holding that claims alleging misconduct by state prosecutors could not be brought under § 1983 until convictions had been

overturned, expunged or declared invalid). This dismissal will be without prejudice. *See Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005) (*en banc*) (a dismissal under *Heck* or under the Eleventh Amendment "should generally be made without prejudice").

### III. Order

For these reasons, the Court concludes that the complaint fails to state a claim against defendants Dana Nessel, CPS employees, and John Doe Traverse City police officers and they are **DISMISSED** without prejudice.

It is Plaintiff's burden to identify defendants with sufficient particularity to allow United States Marshals to attempt service. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). Plaintiff has not provided sufficient information to permit service on the remaining defendant John Doe nurse. Plaintiff is directed to provide the name and address of this John Doe defendant within thirty days from the date of this order to allow for service of process.

s/Stephanie Dawkins Davis<br>
Stephanie Dawkins Davis<br>
United States District Judge

Dated: April 21, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 21, 2022, by electronic and/or U.S. First Class mail.

S/ R. Loury<br>
Case Manager

5